O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#21/22
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2775 PSG (VBKx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:** **(In Chambers) Order DENYING Petitioner MV Transportation, Inc.'s motion for summary judgment; and GRANTING Respondent Amalgamated Transit Union, Local 1756's motion for summary judgment.**

Pending before the Court are (1) Petitioner MV Transportation, Inc.'s motion for summary judgment to vacate or modify an arbitration award; and (2) Respondent Amalgamated Transit Union, Local 1756's motion for summary judgment to affirm the arbitration award. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motions, the Court DENIES Petitioner's motion and GRANTS Respondent's motion.

I.     Background

In this action, Petitioner MV Transportation, Inc. ("MV" or the "Company") seeks to set aside an arbitration award issued in favor of Respondent Amalgamated Transit Union, Local 1756 ("ATU" or the "Union") on January 17, 2010. MV is a provider of bus services in Los Angeles and San Bernardino counties; ATU is the collective bargaining representative for a unit of bus drivers and dispatchers at MV's Arcadia, California location. *MV Mot.* 1:22-28.[1] The parties' relationship during the relevant period was governed by a collective bargaining agreement ("CBA") which provided, *inter alia,* that bargaining unit members would not be disciplined or discharged without just cause. *Lunch Decl.* Ex. A at 15. The same provision goes

---

[1] The facts in this Section are drawn from the parties' papers and are not in dispute in this motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#21/22
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2775 PSG (VBKx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

on to state that violations of "Major Work Rules" shall be considered just cause for "immediate discharge." *Id.* The MV Transportation Employee Handbook includes in its definition of a Major Work Rules violation "inappropriate, unprofessional, or disorderly verbal or physical conduct directed towards coworkers, passengers, client, or any third party while acting as a representative of the company." *Id.* Ex. B.

The underlying dispute in this action concerns MV employee Rosemary Lopez ("Lopez" or "Grievant"), a bus driver who was terminated following an incident where she engaged in a physical altercation with a hearing-disabled passenger.[2] *MV Mot.* 5:2-5; *Roblan Decl.* Ex. A. Following MV's termination of Ms. Lopez, the Union filed a grievance on her behalf and submitted the matter to arbitration pursuant to the terms of the parties' CBA. *ATU Mot.* 1:16-23. On December 3, 2009 an arbitration hearing was held before Phillip Tamoush (the "Arbitrator") to determine whether just cause existed to fire Ms. Lopez, and, if not, what the appropriate remedy should be. *See Lunch Decl.* Ex. E.

The Arbitrator issued a decision in the Union's favor on January 17, 2010, finding that Ms. Lopez had been fired without just cause. *Id.* After discussing the factual background of the case, the Arbitrator concluded that "the Grievant acted perfectly normally, even on behalf of the Company, by exiting and attempting to restrain the passenger." *ATU Mot.* 3:20-24. Accordingly, he ordered MV to reinstate Ms. Lopez and award full back pay. *Id.*

On April 15, 2010, MV submitted a petition requesting that the Court vacate or modify the January 2010 arbitration award ("Award"). In support of this claim, MV raised three arguments: (1) that the Award violated California's public policy of requiring common carriers to "exercise the utmost care in providing safety to their passengers and the public," *Petition to Vacate Arbitration Award* 7:4-11(Dkt. #1 (Apr. 15, 2010)); (2) that the award violates the Labor Management Relations Act ("LRMA"), 29 U.S.C. § 185(a), because it failed to draw its essence from the CBA, *Id*. 7:12-19; and (3) that the Award exceeded the Arbitrator's authority under § 185(a) because the Arbitrator "reject[ed] the CBA's express definition of just cause for

---

[2] The Court incorporates by reference the facts set forth in the Arbitrator's opinion, attached as Exhibit E to the Lunch Declaration, noting that confirmation of an arbitral award is required "even in the face of erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 784 F.2d 902, 906 (9th Cir. 1986); *see also United Paperworkers Int'l Union v. Misco, Inc*., 484 U.S. 29, 38, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#21/22
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2775 PSG (VBKx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

discharge" in violation of a provision of the CBA which "explicitly prohibits the Arbitrator from changing, modifying or altering its terms." *Id.* 7:20-25.

On September 30, 2010, MV moved for summary judgment to vacate or modify the Award. The Union simultaneously filed a cross-motion requesting that the Court affirm the Award and compel MV to comply with its terms.

II.     Legal Standard

Under 29 U.S.C. § 185(a), federal courts have jurisdiction over actions to vacate or enforce labor arbitration awards. *See, e.g., Kemner v. District Council of Painting & Allied Trades* 768 F.2d 1115, 1118 (9th Cir. 1985). However, courts must afford great deference to the arbitrator's decision upon review. *See United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L. Ed. 2d 1424 (1960). As the Supreme Court reasoned in *Enterprise,* "[i]t is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Id.* at 599, 80 S.Ct. at 1362. Thus, while a party may seek a judicial order under 9 U.S.C. § 9 confirming and entering an arbitration award, "because broad judicial review would diminish the benefits of arbitration," *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004), judicial scrutiny of an arbitral decision is extremely limited.

Notwithstanding the "nearly unparalleled degree of deference" accorded to an arbitrator's decision, *Stead Motors v. Auto. Machinists Lodge,* 886 F.2d 1200, 1205 (9th Cir.1989) (en banc), the Ninth Circuit has identified narrow exceptions where vacatur of an arbitration award is warranted. These circumstances include "(1) where the award does not draw its essence from the collective bargaining agreement and the arbitrator is dispensing his own brand of industrial justice; (2) where the arbitrator exceeds the boundaries of the issues submitted to him; (3) when the award is contrary to public policy; or (4) when the award is procured by fraud." *Southern California Gas Co. v. Utility Workers Union of America, Local 132, AFL-CIO*, 265 F.3d 787, 792-93 (9th Cir. 2001) (*citing SFIC Properties, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge 94,* 103 F.3d 923, 925 (9th Cir.1996)).

III.    Discussion

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#21/22
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2775 PSG (VBKx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

As the Ninth Circuit has consistently recognized, the scope of the Court's inquiry in determining whether to vacate an arbitral award is limited. *See Southern California Gas Co. v. Utility Workers Union of America, Local 132, AFL-CIO*, 265 F.3d 787, 792 (9th Cir. 2001) ("If an 'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'") (*citing Eastern Associated Coal Corp. v. Mine Workers,* 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000)). "Only where the arbitrator ignores the contract's plain language, choosing instead to dispense his own brand of industrial justice, may [the Court] question his judgment." *Teamsters Local Union 58 v. Boc Gases,* 249 F.3d 1089, 1093 (9th Cir. 2001).

With these principles in mind, the Court will turn to MV's claim that the Arbitrator's award should be overturned on grounds that: (1) the Award does not draw its essence from the CBA; (2) the Award violates the public policy expressed by California Civil Code § 2100; and (3) the Arbitrator exceeded his authority.

 A. <u>Whether The Award Was Drawn From The "Essence" Of The Collective Bargaining Agreement</u>

MV first contends that the Arbitrator's Award was not drawn from the "essence of the collective bargaining agreement," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 986 (9th Cir. 2001), because in interpreting the CBA, the Arbitrator failed to consider the "unique context of the transportation services industry." *MV Mot.* 8:25. MV further argues that the Arbitrator erred in relying "solely on the Greivant's self serving testimony" rather than consider the "law of the shop," under which "a bus driver is never privileged to physically assault a passenger" and "all drivers are required in all instances to de-escalate and avoid conflict wherever possible." *Id.* 11:2-16.

The Ninth Circuit has held that an arbitration award will only be set aside for failing to draw its essence from the contract in "those egregious cases in which a court determines that the arbitrator's award ignored the plain language of the contract." *Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173,* 886 F.2d 1200, 1205-06 n.6 (9th Cir.1989). In the Court's view, this is not such a case.

Although the Arbitrator does not expressly reference the CBA in his analysis, the relevant provisions of the CBA are clearly set forth in the "Relevant Contract Language" section

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#21/22
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2775 PSG (VBKx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

at the outset of his opinion. *Lunch Decl.* Ex. E at 2. The CBA is also expressly referenced in the Arbitrator's summary of the parties' contentions. *Id.* at 5. More to the point, though, careful review of the Arbitrator's analysis reveals that he was engaged in the task of construing a key contractual term, even though he did not expressly say so. Section 11 of the Company's Employee Handbook defines major violations (i.e. violations warranting termination or other serious disciplinary action) to include "*inappropriate*, unprofessional, or disorderly verbal or physical conduct directed towards coworkers, passengers, client, or any third party while acting as a representative of the company." *Lunch Decl.* Ex. B (emphasis added).

      Here, the Arbitrator's finding that the Ms. Lopez "acted perfectly normally" can fairly be read to mean that Ms. Lopez' conduct was not inappropriate. Upon finding that her conduct was not inappropriate, it logically follows that her conduct was not necessarily a violation of the Major Work Rules, as defined in MV's Employee Handbook. The conclusion that Lopez did not violate the Major Work Rules then renders inapplicable Article 11 of the CBA, which provides that "Major Work Rules shall be considered just cause for immediate discharge." *Lunch Decl.* Ex. A. Thus, the mere fact that the Arbitrator did not expressly reference the relevant contractual provision in his analysis does not mean that his decision fails to draw its essence from the contract.

      Further, the Court notes that MV's claim regarding the Arbitrator's failure to consider the "nature of the Company's business as a transportation service provider," *MV Mot.* 10:12-13, or "the standards of the industry in which [Ms. Lopez worked]," *Id.* 11:26-27, smacks of internal inconsistency. MV argues that Arbitrator's decision should be set aside for failing to draw its essence from the parties' CBA. Resolution of this question thus requires analysis of the terms of the CBA – not consideration of standards in the industry in which the CBA arose. Therefore, for the foregoing reasons, the Court rejects MV's first basis for vacating the Award.

      B.      <u>Whether the Award Violates Public Policy</u>

      A party seeking to vacate an arbitration award on public policy grounds bears the burden of proving that the award violates an "explicit, dominant and well-defined" public policy. *United Food & Commercial Workers Int'l Union, Local 588 v. Foster Poultry Farms,* 74 F.3d 169, 174 (9th Cir. 1995). In evaluating whether this burden has been met, "[t]he court must focus on the award itself, not the behavior or conduct of the party in question." *Southern California Gas Co. v. Utility Workers Union of America, Local 132, AFL-CIO*, 265 F.3d 787, 795 (9th Cir. 2001). That is, the question before the Court is not whether Ms. Lopez' conduct

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#21/22
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2775 PSG (VBKx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

would contravene some explicit, well-defined, and dominant public policy, but rather, whether *reinstating* Ms. Lopez would do so. *See id.* ("to vacate an award on public policy grounds, the court must find that 'the policy is one that specifically militates against the relief ordered by the arbitrator.' ") (quoting *Stead Motors,* 886 F.2d at 1212-1213).

Here, MV contends that California Civil Code § 2100 sets forth a well-defined public policy that supports vacating the award. *MV Mot.* 13:20-14:11. In full, § 2100 provides:

> A carrier of persons for reward must use the utmost care and
> diligence for their safe carriage, must provide everything
> necessary for the purpose, and must exercise to that end a reasonable
> degree of skill.

Cal. Civ. Code § 2100. Nothing in this statutory language, however, reveals an "explicit, well defined, and dominant public policy" of precluding reinstatement of bus drivers who allegedly committed a violation of company policy. Rather, § 2100 merely establishes that common carriers owe a heightened duty of care to their passengers.

In assessing whether the award violated the "public policy" set forth in § 2100, the Ninth Circuit's decision in *Stead Motors* is particularly instructive. In *Stead Motors,* the court rejected a similar public policy concerning transportation safety as a basis for vacating the arbitration award. *Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173, Intern. Ass'n of Machinists and Aerospace Workers,* 886 F.2d 1200, 1212 (9th Cir. 1989). Instead, the court held that the labor arbitrator's award reinstating an auto mechanic who failed to tighten an automobile's lug nuts did not violate an explicit, well-defined and dominant California public policy. *Id.*; *see also Amalgamated Transit Union v. Aztec Bus Lines,* 654 F.2d 642, 643-44 (9th Cir. 1981) (refusing to vacate the award of an arbitrator who had ordered reinstatement following a suspension for a bus driver who had knowingly driven a bus whose faulty brakes caused it to "dive and rock").

Here, as in *Stead Motors*, there has been no showing that Ms. Lopez' reinstatement violates a California public policy. MV merely asserts the unsupported proposition that the Award "establishes that the Company's bus drivers may act as vigilantes whenever they deem it appropriate or reasonable to do so[.]" *MV Mot.* 14:3-6. Thus, because this is insufficient to establish that the Award contravenes public policy, the Court rejects MV's second basis for arguing the Award should be vacated.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#21/22**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2775 PSG (VBKx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

  C. <u>Whether the Arbitrator Exceeded his Authority</u>

  Third, MV argues that the Arbitrator exceeded his authority by "rejecting the Agreement's express definition of just cause for discharge, which included violation of Major Work Rules." *MV Mot.* 14:16-18. According to MV, this violates a provision of the CBA which "explicitly prohibits the Arbitrator from changing, modifying, or altering its terms." *Id.* 14:14-15. Again, the Court disagrees. MV may well be correct that the CBA explicitly provides that violations of Major Work Rules shall constitute just cause for discharge. *MV Mot.* 14:20-21. However, as previously discussed, the Arbitrator concluded that Ms. Lopez' conduct was reasonable under the circumstances, and thus *not* a violation of a Major Work Rule. *See Lunch Decl.* Ex. E. Therefore, because the Court is not persuaded that the Arbitrator's decision modified – or was even inconsistent with – the terms of the CBA, it rejects MV's third argument as well.

IV. <u>Conclusion</u>

  In essence, MV's moving papers invite the Court to disagree with the Arbitrator's finding that Ms. Lopez was discharged without good cause. However, "[b]ecause the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *Southern California Gas Co. v. Utility Workers Union of America, Local 132, AFL-CIO*, 265 F.3d 787, 797 (9th Cir. 2001) *(citing United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37-38 108 S.Ct. 364 98 L.Ed.2d 286 (1987)).

  Here, because (1) the Award draws its essence from the parties' collective bargaining agreement; (2) the reinstatement of Ms. Lopez does not contravene an explicit, well-defined, and dominant public policy; and (3) the Arbitrator did not exceed the scope of his authority, the Court concludes there is no valid basis for overturning the Award.[3] Accordingly, the Court

---

[3] MV does not allege that the Award was procured by fraud, the fourth basis recognized by the Ninth Circuit as grounds for vacating a labor arbitration agreement. *Southern California Gas Co. v. Utility Workers Union of America, Local 132, AFL-CIO*, 265 F.3d 787, 792-93 (9th Cir. 2001).
  Additionally, the Court can find no authority to support MV's claim that "changed circumstances" are a valid basis for overturning an arbitral decision. Thus, the Court is not persuaded by MV's assertion that changed circumstances, namely Foothill Transit's (a company

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#21/22
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2775 PSG (VBKx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

DENIES MV's motion for summary judgment to vacate or modify the arbitration award and GRANTS the Union's cross-motion for summary judgment to affirm the arbitration award. Should the prevailing party wish to obtain an award of attorneys' fees, it is directed to file a motion that fully briefs the fees issue.

**IT IS SO ORDERED.**

---

with whom MV has a separate contract) invocation of an alleged contractual right to demand that Ms. Lopez be terminated, necessitates vacatur. *MV Mot.* 15:3-20. To the extent that a contractual conflict exists between the CBA and the Foothill Transit contract, that issue should have been raised before the Arbitrator; it is not appropriate for the Court to interpret the CBA in the first instance.