O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#41
Feb 7 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2775 PSG (VBKx) | Date | February 2, 2011 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Motion for Attorney's Fees

Before the Court is Respondent and Counter-Petitioner Amalgamated Transit Union's Motion for Attorney's Fees. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of the Union's motion, the Court GRANTS the motion.

I.     Background

This motion arises from a labor dispute in which Petitioner MV Transportation, Inc. ("MV" or the "Company") sought to set aside an arbitration award issued in favor of Respondent Amalgamated Transit Union, Local 1756 ("ATU" or the "Union").[1] The Union had previously filed an arbitration claim on behalf of a bus dispatcher whose employment was terminated by MV. On January 17, 20101, an arbitrator issued a decision in the Union's favor, finding that the employee had been fired without just cause. MV subsequently moved for summary judgment to vacate or modify the arbitrator's award (the "Award"); the Union simultaneously moved for an order affirming the Award and compelling MV to comply with its terms.

On December 9, 2010, the Court issued an Order affirming the Award. *See* Dkt. # 40 (Dec. 9, 2010). In so holding, the Court reasoned that "[b]ecause the parties have contracted to

---

[1] The Court incorporates by reference the factual background set forth in its December 9, 2010 Order affirming the arbitration award. *See* Dkt. # 40 (Dec. 9, 2010).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#41
Feb 7 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2775 PSG (VBKx) | Date | February 2, 2011 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *Id.* (*citing Southern California Gas Co. v. Utility Workers Union of America, Local 132, AFL-CIO*, 265 F.3d 787, 797 (9th Cir. 2001) (internal citation omitted)).

Two weeks later, on December 23, 2010, the Union moved for an award of $19,294.75 in attorney's fees and costs. MV has not opposed the Union's motion.

II.     Legal Standard

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Ordinarily, the prevailing party in a lawsuit does not collect fees absent contractual or statutory authorization. *See Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maint., Inc.,* 707 F.2d 425, 428 (9th Cir. 1983). Courts, however, have discretion to award fees to a prevailing party if his adversary "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258-59, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). The Ninth Circuit has held that bad faith may be demonstrated by showing that a defendant's obstinacy in granting a plaintiff his clear legal rights necessitated resort to legal action, with all the expense and delay entailed in litigation. *See Int'l Union of Petroleum and Indus. Workers,* 707 F.2d at 428-29. Similarly, the Ninth Circuit has stated that "an unjustified refusal to abide by an arbitrator's award may equate an act taken in bad faith, vexatiously or for oppressive reasons." *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Arizona*, 84 F.3d 1186, 1192 (9th Cir. 1996).

Courts may also award attorneys' fees as a sanction for filing a frivolous appeal. *See Int'l Union of Petroleum and Indus. Workers,* 707 F.2d at 428. An appeal is frivolous if "the result is obvious or the arguments of error advanced are wholly without merit." *Id.* (citation omitted). Further, upon determining that a fee award is in order, courts must calculate the proper amount of the award to ensure that it is reasonable. *See Hensley*, 461 U.S. at 433-34.

III.    Discussion

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#41
Feb 7 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2775 PSG (VBKx) | Date | February 2, 2011 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

First, the Court must address the threshold question of whether the Union is entitled to any award of attorney's fees. As previously noted, this depends on whether MV acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" in the underlying litigation challenging the arbitration award. *See e.g., SSA Terminals v. Machinists Automotive Trades Dist. Lodge No. 190*, 244 F. Supp. 2d 1031, 1040 (N.D. Cal. 2003) (finding that the standard for awarding attorneys' fees was satisfied where employer's challenge was nothing more than disagreement with arbitrator's findings on merits). However, this inquiry need not detain the Court long. As MV has failed to oppose the Union's motion, it is thus presumed to have conceded that the Union is entitled to fees. Accordingly, the Court finds that an award of fees is appropriate.

Next, the Court must assess whether the amount of fees requested by the Union is reasonable. The customary method of determining whether fees are reasonable is known as the "lodestar" method. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The "lodestar" method involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* The resulting "lodestar" figure is presumptively reasonable. *See id.* at 364, n.8. The reasonableness of the time expended and the hourly rate charged can be determined by considering the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).

A court need only consider those factors that are relevant to the case. *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983). Further, it may reduce the hours claimed where the documentation is inadequate or the time was not "reasonably expended," such as where the record reflects duplicative efforts or excessive staffing. *See Sorensen v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001). In such a case, the court must provide a clear explanation for any reduction. *See id.*

Here, the Union seeks an award of $19,294.75 in fees and costs, based upon expenses it incurred in this litigation. *Mot.* 7:15-8:6. In support of its motion, the Union provides billing

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#41
Feb 7 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2775 PSG (VBKx) | Date | February 2, 2011 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

statements from March 2010 to December 2010 which itemize the number of hours spent by Benjamin K. Lunch, the sole attorney on the matter, and Mr. Lunch's hourly rate for each month of litigation. The Court has reviewed the monthly billing statements and calculates the lodestar as follows:

| Name | Rate Per Hour | Hours | Total |
|---|---|---|---|
| Benjamin K. Lunch | $225.00 | 77.2 | $17,370.00 |

The Court finds that this amount, which represents the actual amount expended in the litigation, is reasonable in light of the time and labor involved, as well as the difficulty of the question presented.

The Court also finds that Mr. Lunch's hourly rate is reasonable. In determining whether an hourly rate is reasonable, courts consider the experience, skill, and reputation of the attorney requesting fees, as well as whether the hourly rate reflects the prevailing market rates in the community. *Webb v. Ada County*, 285 F.3d 829, 840 n.6 (9th Cir. 2002). Here, Mr. Lunch has represented labor unions in numerous arbitrations during his career, and has been awarded fees at a higher hourly rate in numerous other actions he litigated. *Lunch Decl.* ¶¶ 4, 6-7. Further, the Court finds that his rate of $225.00/hour is well within the reasonable market rate for legal services in the Los Angeles area. *Id.* ¶¶ 5,8; Ex. B.

However, the Court does have a concern regarding another item submitted for reimbursement. In addition to the time entries listed in Exhibit A to the Lunch declaration, the Union seeks to recover an additional $1,800.00 (eight billable hours) in fees for the time counsel anticipated would be incurred in drafting this motion and appearing at the hearing. *Id.* ¶ 10. However, because this matter does not require a hearing, in the Court's view, an additional $1,350.00 (six billable hours) is a more appropriate sum. Accordingly, the Union will receive $450.00 (two billable hours) less than it requested.

IV.     Conclusion

Based on the foregoing, the Court holds that the Union is entitled to an award for

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#41**
**Feb 7 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2775 PSG (VBKx) | Date | February 2, 2011 |
|---|---|---|---|
| Title | MV Transportation, Inc. v. Amalgamated Transit Union, Local 1756 | | |

attorney's fees and other expenses in the following amounts:

- Attorney's fees: $18,720.00 (83.2 hours/$225 hour)

- Other expenses: $124.75 in postage and delivery services related to this litigation.

Therefore, the Union's motion for attorney's fees and costs is GRANTED in the amount of **$18,844.75**.

**IT IS SO ORDERED.**